STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V.
CITIZENS STATE BANK OF CHADRON, APPELLANT:
J. W. DALBEY, APPELLEE.

FILED APRIL 27, 1928. No. 25661.

C. M. Skiles and E. D. Crites, for appellant.

P. F. Ward, contra.

Heard before GOSS, C. J., ROSE, DEAN, THOMPSON, EBERLY and HOWELL, JJ., REDICK and WHEELER, District Judges.

WHEELER, District Judge.

This action was instituted on behalf of a railway labor

union to establish a claim of $10,500 against the depositors' guaranty fund. The claim arises under the following circumstances:

In 1921 J. W. Dalbey was the secretary and treasurer of the Brotherhood of the Maintenance of Ways Employees and Railway Shop Laborers of the Chicago & Northwestern Railway Company, with large funds under his control. His brother, C. P. Dalbey, was cashier of the Stockman's Bank at Hot Springs, South Dakota. J. W. Dalbey, the union secretary, deposited the union funds in his brother's bank. Subsequently the union officers decided not to deposit more than $10,000 in any one bank. The Dalbey brothers then arranged to give the Citizens State Bank of Chadron, Nebraska, a $10,000 deposit from the union funds. C. P. Dalbey, the cashier of the Stockman's Bank told Mr. Birdsall, the assistant cashier of the Chadron bank that he had arranged to get him a $10,000 deposit from the railway union and that in return he wanted the Chadron bank to redeposit one-half of this $10,000 with the Stockman's Bank. In order to obtain and keep this deposit the Chadron bank agreed to do so and did keep a deposit of $5,000 with the South Dakota bank. This arrangement was not known by J. W. Dalbey, the railway union treasurer, or by any of the union officials. It was merely a scheme concocted between the cashiers of the Stockman's Bank and the Chadron bank to secure for the Stockman's Bank a larger deposit than the railway union intended to place with the Stockman's Bank. The deposit continued at $10,000, except that whenever J. W. Dalby, the union treasurer, came up for reelection he withdrew the deposit and took the funds with him to the union in order to turn them over to his successor. When reelected J. W. Dalbey returned the deposit to the Chadron bank and the Chadron bank redeposited one-half of it with the Stockman's Bank. When the Chadron bank failed the claim was resisted on the ground that only one-half of the claimed deposit actually remained in the Chadron bank and that the deposit was made upon a collateral agreement to redeposit one-half

the fund in the Stockman's Bank. The claim against the guaranty fund was allowed in full by the district judge and we think he was right.

Had knowledge of the transaction been brought home to J. W. Dalbey, or to any of the union officials, the deposit would have been invalidated as a claim against the guaranty fund because of the collateral agreement. Laws 1923, ch. 191, sec. 39. So far as the union knew they had a $10,000 deposit in the Chadron bank. The deposit was actually made in cash and $500 accrued interest was due thereon. Under the Nebraska guaranty law the union is entitled to recover the full amount of the deposit together with accrued interest of $500 from the guaranty fund. The judgment of the district court is

AFFIRMED.